**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PETER E. PFLAUM,**
                 **Plaintiff,**

**-vs-**                                                                      **Case No. 6:06-cv-1760-Orl-19DAB**

**THOMAS PFLAUM, ET AL.,**
                 **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 7)**
>
> **FILED:**    **November 28, 2006**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be dismissed for lack of jurisdiction**.

Plaintiff has filed an Amended Complaint (Doc. No. 6) in response to the Court's Order, which noted that the Original Complaint did not adequately set forth a basis for jurisdiction. Plaintiff seeks to prosecute the Amended Complaint against his relatives, pursuant to 42 U.S.C. § 1983. As the Amended Complaint does not set forth an actionable § 1983 claim against these Defendants, the motion to proceed as a pauper must be denied, and the action dismissed for want of jurisdiction.

Upon submitting an affidavit of indigency, any court of the United States may authorize a party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case

or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert.denied*, 503 U.S. 921 (1992) (quoting *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976).

The standard applicable to dismissals for failure to state a claim on which relief may be granted under section 1915(e)(2)(B), is the same as that of motions to dismiss under Fed. R. Civ. P. 12(b)(6). Under this standard, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Moreover, "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[*P*]*ro se* litigant[s] must still meet minimal pleading standards.").

Here, the prolix Amended Complaint names Thomas and Leanne Pflaum as "Appellee/Respondents" and alleges that "a reasonable expectation of inheritance has been denied by state action" in that "the Court in Alachua County . . . has denied the plaintiff basic due process guaranteed by the U.S. and Florida Constitution[s]" (Doc. No. 6 at 2). Plaintiff moves to enjoin

"judicial tyranny;" moves for a writ of prohibition directed to a state court judge in Alachua County; and claims damages against the Defendants in the amount of his "share of his mother's estate." Plaintiff references several state cases and alleges, in essence, that he is being harassed. Even liberally construed, Plaintiff presents no actionable claim within the jurisdiction of this Court.

The cited basis of jurisdiction, 42 U.S.C. § 1983, only provides a remedy for deprivation of constitutional rights by a person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia . . . ." 42 U.S.C. § 1983. The Amended Compliant does not establish that the two named Defendants are state actors, as required in order to sustain a Section 1983 action. Defendants are not alleged to be anything other than private citizens, acting on their own behalf. No other basis of jurisdiction is asserted. As such, the complaint fails to state a federal cause of action cognizable in this Court, as a matter of law.[1] To the extent the complaint appears to prosecute a claim against the Alachua County Judge, such a claim is not cognizable in this District. Moreover, as Plaintiff was advised in earlier Order, judicial actions are entitled to absolute immunity. To the extent Plaintiff seeks through this action to question judicial decisions of state trial courts, his remedy (if any) is appeal through the state system.

As the Amended Complaint fails to set forth a cause of action within the limited jurisdiction of this Court, it is **respectfully recommended** that the Court dismiss the amended complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e) and deny the pending motion to proceed *in forma pauperis* as moot.

---

[1] Plaintiff does not plead facts sufficient to establish diversity jurisdiction against these Defendants.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 1, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy